IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| JAMES HARDIN, #275030, ) | |
| ) | CIVIL ACTION NO. 3:08-2334-PMD-JRM |
| Petitioner, ) | |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| ACTING WARDEN, LEROY ) | |
| CARTLEDGE, ) | |
| ) | |
| Respondent. ) | |

Petitioner, James Hardin ("Hardin"), is an inmate with the South Carolina Department of Corrections serving concurrent sentences for two counts of armed robbery (30 years), two counts of kidnapping (10 years) and two counts of assault and batter of a high and aggravated nature (10 years). He filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on June 26, 2008. Respondent filed a return and motion for summary judgment on October 24, 2008. Because Hardin is *pro se*, an order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) was issued on October 27, 2008 explaining to him his responsibility to respond to the motion for summary judgment.

Hardin has not responded to the issues raised by Respondent in the motion for summary judgment. Instead, Hardin has filed three somewhat contradictory and confusing motions:

1. On December 15, 2008, Hardin filed a motion (Doc.No. 25) "to allow the Petitioner to amend his habeas petition, to delete entire petition to represent proper grounds for relief and to move

1

to dismiss without prejudice to exhaust state remedies." Respondent has not responded to Hardin's motion.

    2. Also on December 15, 2008, Hardin filed a motion (Doc.No. 26) "to dismiss his current petition for habeas corpus without prejudice (hold in abeyance) so that the Petitioner may present his amended claims to the appropriate state court for review." Respondent filed a response on January 23, 2009. Hardin filed a reply on February 5, 2009.

    3. Also on February 5, 2009, Hardin filed a motion (Doc.No. 31) to amend his habeas petition to assert an additional claim based on "newly discovered evidence" regarding alibi witnesses. There has been no response by the Respondent.

    The record shows that Hardin was convicted after a jury trial. His conviction was affirmed by the South Carolina Court of Appeals. His application for post-conviction relief ("PCR") was denied and his petition for writ of certiorari was denied by the South Carolina Supreme Court before he filed his present petition.

    The gist of Hardin's motions is that he has recently located several alibi witnesses who he was unable to locate for trial or his PCR hearing. Hardin states in his reply to Respondent's response to his second motion that he has filed a new PCR based on this "after discovered evidence." It appears that Hardin wants to (1) dismiss his case without prejudice to allow him to pursue his claims in state court; (2) hold his case in abeyance while he continues to litigate his new claims in state court; or (3) amend his present petition to include his new claims.

    The existence of "after-discovered evidence" may entitle a defendant to a new trial in state court or allow for a successive PCR in state court. Under South Carolina procedure, a convicted defendant may move "for a new trial based on after-discovered evidence...within a reasonable period

after the discovery of the evidence." Rule 29(b), S.C.Crim.P.  To be successful the party seeking the new trial based on after-discovered evidence must show that the evidence: (1) is such as would probably change the result if a new trial was had; (2) has been discovered since the trial; (3) could not by the exercise of due diligence have been discovered before the trial; (4) is material to the issue of guilty or innocense; and (5) is not merely cumulative or impeaching. Hayden v. State, 278 S.C. 610, 299 S.E.2d 854 (1983).

A prisoner seeking to collaterally attack his conviction under South Carolina's Uniform Post-Conviction Procedure Act (S.C.Code Ann. § 17-27-10 *et. seq.*) Must raise "[a]ll grounds for relief available" to him in his PCR application. (S.C.Code Ann. § 17-27-90).  Further, "[a]ny ground...not so raised...may not be the basis for a subsequent application, unless the court finds...sufficient reason..." for failure to assert the ground in the original application. (*Id.*).  Last, "if the applicant contends that there is evidence of material facts not previously presented and heard that requires vacation of the conviction or sentence, the application must be filed within one year after the date of the actual discovery of the facts by the applicant or after the date when the facts could have been ascertained by the existence of reasonable diligence." (S.C.Code Ann. § 17-27-45(C)).

There is no indication that Hardin has moved for a new trial under Rule 29.  He states that he has filed a second PCR which apparently is based on a claim that his trial attorney was ineffective for failing to investigate, locate the witnesses, and provide an alibi defense at trial.[1] The PCR case is pending in the Court of Common Pleas of Spartanburg County.  It remains to be seen whether Hardin's pending PCR will be found to be successive or untimely under South Carolina law by the

---

[1] Actually, Hardin did not testify and presented no evidence at trial.  The case against Hardin was based on the identification testimony of the victim.  Hardin sought to discredit that testimony and argued that he was not the person who committed the robbery.

courts of the State.

Insofar, as Hardin has moved to amend his present petition to add admittedly unexhausted claims, his motions should be denied. If granted, the petition would become a "mixed petition." *See* Rose v. Lundy, 455 U.S. 509 (1982). In that case, the court would be required to consider the discretionary stay of the habeas action to allow Hardin to exhaust his claims in state court under Rhines v. Walker, 544 U.S. 269 (2005). Pursuant to Rhines, district courts have discretion to stay habeas proceedings in "limited circumstances", i.e., where the record supports a finding that "there was good cause for the petitioner's failure to exhaust the claims first in state court." *Id.* at 278. Although Hardin's arguments are plausible, there is nothing in the record to support a finding of good cause. Dismissal of the petition without prejudice would being into play another issue addressed in Rhines, i.e., probable violation of the statute of limitations contained in 28 U.S.C. § 2244(d). Dismissal without prejudice may result in Hardin losing his right of review of all of his claims by this Court.

Under the circumstances of this case, the undersigned concludes that it would be preferable to review the claims presented in Hardin's original petition. It is, therefore, recommended that Hardin's motions be **denied** and that he be given further opportunity to respond to the motion for summary judgment now pending.

_____
Joseph R. McCrorey
United States Magistrate Judge

March 17, 2009
Columbia, South Carolina

**The parties are referred to the Notice Page attached hereto.**

4

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).